MARYLAND & DISTRICT OF COLUM-
BIA RIFLE AND PISTOL ASSO-
CIATION, Inc., Plaintiff,

v.

Walter E. WASHINGTON, Commissioner,
and

Stanley J. Anderson, Margaret A. Hay-
wood, John A. Nevius, Polly Shackel-
ton, William S. Thompson, J. C. Turn-
er, Joseph P. Yeldell, Walter E. Faunt-
roy, John W. Hechinger, Members of
the District of Columbia Council, De-
fendants.

Civ. A. No. 2212-68.

United States District Court
District of Columbia.

Jan. 16, 1969.

John T. Bonner, Washington, D. C.,
for plaintiff.

Vincent E. Ferretti, Jr., Asst. Corp.
Counsel, Washington, D. C., for defend-
ants.

## MEMORANDUM OPINION

GASCH, District Judge.

This matter came on for hearing on
cross motions for summary judgment.
The issue is whether the regulations
promulgated by the District of Columbia
Council are predicated upon lawful au-
thority. It is the position of the plain-
tiff that by virtue of Article I, Section
8, Clause 17, of the Constitution of the
United States that exclusive legislative
authority over the federal city is vested
in the Congress of the United States.
Plaintiff questions whether Congress has
delegated to the Council or its predeces-
sors, the Commissioners of the District
of Columbia, authority to make the regu-
lations in question. The 1906 Act of Con-
gress (34 Stat. 808), codified in part as
Title I, Section 227 of the D.C.Code,
authorizes and empowers the Commis-
sioners of the District of Columbia to
make and enforce all such usual and rea-
sonable police regulations as they may
deem necessary for the regulation of
firearms, projectiles or explosives of any
kind. Counsel points out that this act
was drawn originally for the sole purpose
of protecting wild birds in the District
of Columbia. In 1958 the 1906 act was
repealed, except for Section 4, which now
appears as Title I, Section 227 of the D.
C.Code (72 Stat. 814). Plaintiff takes
the position that since originally the act
was drawn to deal with the hunting of
game birds, Section 4 thereof, which has
been retained, could contain no greater
authority than had originally been the
subject of the legislative declaration.

Plaintiff also asserts that the 1932 act
(47 Stat. 650), which permits persons
to possess firearms in their own houses
and places of business with certain ex-
ceptions—dope addicts, felons, etc.—
must because of the expressed coverage
of the act be regarded as pre-empting
the field. Counsel also takes the position
that since Congress has permitted ex-

pressly persons to have pistols in their homes and places of business that the Council may not now by its act prohibit such permission unless a license is obtained from the Chief of Police and a fee paid therefor.

The Corporation Counsel takes the position that the 1932 act does not pre-empt the field and that the Council's utilization of Title I, Section 227, for the purpose of making regulations for the protection of the public health, welfare and safety is a legitimate exercise of the police power specifically authorized by the 1958 amendment of the 1906 act.

Plaintiff's counsel, in reply, has brought to the attention of the Court efforts on the part of the Commissioners of the District of Columbia to obtain legislation comparable to that which the Council has recently promulgated. These recent efforts are reflected in communications of the Commissioners dated March 6, 1963, and March 14, 1968. Counsel also mentioned that the Deputy Commissioner, Mr. Fletcher, addressed a letter to the appropriate congressional committees seeking such legislation even after the Council enacted these regulations. This letter, however, was never delivered to the congressional committees.

It has long been established that the municipal authorities have only that legislative authority which Congress has given them. (Neild v. D. C., 71 App.D.C. 306, 110 F.2d 246 (1940)). The narrow question on which the case turns is whether the residual portion of the 1906 act which was specifically retained by Congress in 1958 serves as an appropriate basis for these regulations. Logically Congress could have no other purpose or intention in providing for the retention of this authority by the municipality (Title I, Section 227, D. C.Code), than to afford the municipal authorities an opportunity to promulgate such regulations. The pre-emption doctrine on which reliance is placed by plaintiff would not preclude the registration of firearms by those authorized

under the 1932 act to possess them nor would it be inconsistent with the permissive provisions of the 1932 act. (Fieldcrest Dairies v. City of Chicago, 122 F.2d 132 (7th Cir. 1941), vacated on other grounds 316 U.S. 168, 62 S.Ct. 986, 86 L.Ed. 1355 (1942); Natural Milk Producers Ass'n v. City & County of San Francisco, 20 Cal.2d 101, 124 P.2d 25 (1942), vacated on other grounds 317 U.S. 423, 63 S.Ct. 359, 87 L.Ed. 375 (rehearing denied 318 U.S. 798, 63 S.Ct. 528, 87 L.Ed. 1162 (1943)). Obviously those prohibited by the 1932 act from possessing firearms could not be permitted to register their firearms.

Accordingly, the motion for summary judgment by defendants is granted and the motion for summary judgment by the plaintiff is overruled.